# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDALL D. BARB,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0267** (BOR Appeal No. 2049926)
                            (Claim No. 2013020365)

**MULTIFRESH, INC./LWF EIN RESOURCES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall D. Barb, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Multifresh, Inc. and LWF EIN Resources, LLC, by Bradley A. Couser, their attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed an October 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 3, 2013, decision granting Mr. Barb a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Barb worked as a delivery driver for Multifresh, Inc., and LWF EIN Resources, LLC. On December 14, 2012, Mr. Barb fell and injured his right knee when a pallet he stepped on broke. The claim was held compensable for a sprain of the knee. Mr. Barb's injury was initially treated with physical therapy, but after an MRI taken in January of 2013 revealed tears of the anterior and posterior horn of the lateral meniscus, he came under the care of an orthopedic surgeon, S. Brett Whitfield, M.D. Dr. Whitfield confirmed the diagnosis of a lateral tear of the meniscus of the right knee that was shown on the MRI. Dr. Whitfield then performed an

1

arthroscopic debridement of the lateral and medial meniscal tears. Dr. Whitfield also found that Mr. Barb had a microfracture of the lateral femoral condyle and chondroplasty of the patella. A month after the surgery, the claims administrator authorized an osteoarthritic knee brace and an unloader brace.

Prasadarao B. Mukkamala, M.D., evaluated Mr. Barb. He found that Mr. Barb had reached his maximum degree of medical improvement. Dr. Mukkamala determined that Mr. Barb had mild limitation of the range of motion of his right knee. Based on his loss of range of motion, Dr. Mukkamala found that Mr. Barb had 4% whole person impairment related to his right knee. Dr. Mukkamala determined that, calculated under an alternative method, Mr. Barb had 4% impairment for a partial meniscectomy of the medial and lateral menisci. Dr. Mukkamala noted that only one rating should be used to calculate Mr. Barb's impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), and he found that Mr. Barb had 4% impairment for his right knee injury. On July 3, 2013, the claims administrator granted Mr. Barb a 4% permanent partial disability award for his knee injury.

After this decision, Yogesh Chand, M.D., evaluated Mr. Barb. He found that Mr. Barb had a slightly antalgic gait on the right side but could walk without the assistance of a cane or crutches. Dr. Chand also found that Mr. Barb intermittently wore a knee brace but that the brace was not routinely required. Based on Table 36 of the American Medical Association's *Guides*, Dr. Chand found that Mr. Barb had 15% whole person impairment for gait derangement due to his right knee injury. Michael R. Condaras, D.C., also evaluated Mr. Barb. He found that Mr. Barb had 4% impairment for loss of range of motion in the right knee. He also found that Mr. Barb had 4% whole person impairment for a partial meniscectomy of the medial and lateral meniscus. Dr. Condaras found that Mr. Barb's impairment should be calculated based on his meniscectomy and determined that Mr. Barb had 4% whole person impairment related to his knee. Dr. Condaras also criticized Dr. Chand's calculation of Mr. Barb's impairment based on gait derangement. Dr. Condaras found that Mr. Barb did not qualify for a 15% whole person impairment rating for gait derangement under Table 36 of the American Medical Association's *Guides* because Mr. Barb did not routinely require the use of a short leg brace. Dr. Condaras also found that any arthritis in Mr. Barb's knee pre-existed the compensable injury. On October 3, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on February 25, 2015, leading Mr. Barb to appeal.

The Office of Judges concluded that the evidence did not show that the claims administrator erred in granting Mr. Barb a 4% permanent partial disability award. The Office of Judges based this determination on the recommendations of Dr. Mukkamala and Dr. Condaras. The Office of Judges also considered the impairment recommendation of Dr. Chand, but it found that Dr. Mukkamala's and Dr. Condaras's opinions were more persuasive. The Office of Judges specifically relied on Dr. Condaras's criticism of the use of gait derangement in Dr. Chand's evaluation. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Barb has not presented sufficient evidence to show that he is entitled to greater than

a 4% permanent partial disability award related to his right knee injury. Dr. Mukkamala and Dr. Condaras adequately evaluated Mr. Barb under the American Medical Association's *Guides*. The rating is consistent with the evidence in the record, and the Office of Judges was justified in relying on their opinions. The Office of Judges was also within its discretion in disregarding Dr. Chand's impairment recommendation. Dr. Chand did not provide an adequate explanation for calculating Mr. Barb's impairment for gait derangement. His recommendation was also not supported by the evidence in the record. The Office of Judges gave adequate reasons for discrediting Dr. Chand's opinion, and the Board of Review properly affirmed its findings.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II